THE TOWNSHIP OF NEPTUNE, IN THE COUNTY OF MONMOUTH, A MUNICIPAL CORPORATION, AND THE BOARD OF HEALTH OF NEPTUNE, PROSECUTORS, v. CITY OF ASBURY PARK, A MUNICIPAL CORPORATION, DEFENDANT.

Argued October term, 1928—Decided December 6, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the prosecutors, *Cook & Stout.*

For the defendant, *Durand, Ivins & Carton.*

PER CURIAM.

A rule to show cause why a writ of *certiorari* should not be granted in this cause was duly allowed, and the case has been considered in connection with case number 224 of this term.

The rule was granted for the purpose of reviewing an ordi-

nance alleged to have been passed and adopted by the board of commissioners of the city of Asbury Park, on the 12th day of June, 1928. The title of the ordinance is "An ordinance authorizing and providing for the construction of a building and necessary apparatus and equipment, for use as an incinerating plant for the purification and disposal of garbage, trash and other waste matter, making an appropriation therefor, and authorizing the issuance of temporary improvement notes or bonds to pay for the same."

The prosecutor and the defendant are neighboring municipalities in Monmouth county, and the defendant Asbury Park owns a tract of land in Neptune township which it acquired some years ago, and upon which it has erected and maintains an isolation hospital. Joint conferences were held by both the municipalities on the question of the point of location of the incinerating plant on the lands of the defendant and the matter of constructing a new roadway to the location. The reasons assigned by the prosecutors are four in number, but they all relate to the cognate question and may be considered under the contention that Asbury Park never obtained the consent of the township of Neptune to build an incinerating plant for the purification of garbage, &c., within the territorial limits of Neptune township, and the ordinance is therefore *ultra vires.*

Briefs on both sides have discussed the merits of this legal proposition at some length, but we do not find it necessary, as we view the case, to do more than state that the state of the case shows that the ordinance was approved on second reading June 12th, 1928 (*Exhibit A,* state of the case, pages 5 and 6), with the date for final reading and passage fixed for June 26th, 1928.

We do not find anything in the record which would lead us to infer that the ordinance was taken up and considered by reading and finally passed on June 26th, the day to which the matter was adjourned for final passage. Our inference from the record therefore is that the ordinance was never finally passed and that the application for this writ is therefore premature and must be denied.

The rule to show cause will therefore be discharged.